JOHN C. BUNNELL *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

July 17, 1882.

Evidence *held* sufficient to sustain the verdict.

Plaintiff was in the employ of defendant as a carpenter and engaged in building a depot. He, with other carpenters, was employed for this work by John H. Palmer, who acted as foreman, and also assisted in the construction of the depot, and who had been employed for defendant by John J. Palmer, who was "master builder" and "superintendent of construction of buildings on the new lines of defendant," and whose "duty it was to hire and discharge men." Plaintiff was engaged in shingling the roof, and was supported by staging built around the depot under the directions of John H. Palmer, when the staging gave way and he was precipitated to the ground, a distance of twenty-five feet, injuring his legs and feet. For these injuries this action was brought in the district court for Hennepin county. The complaint alleges that John H. Palmer "was not a carpenter, and was wholly incompetent and unfit to superintend the building" of the depot, "and to have the charge, management and control of the men working thereon," as defendant well knew; and that he so unskilfully and carelessly constructed the staging that it fell, occasioning the injuries complained of. From John H. Palmer's testimony it appears that he entered the employment of defendant about four months prior to the accident; that for three years before that time he had been in the insurance business; that he had never learned the carpenter's trade, and had in all never worked more than twelve weeks as a carpenter.

On the trial, before *Lochren*, J., and a jury, Richard Trafton, Charles H. Trafton and others, who were all experienced carpenters engaged upon the same work with plaintiff, testified as to the incompetency of John H. Palmer as a carpenter, and the following questions were asked Charles H. Trafton by plaintiff: "In your judgment was John Palmer a competent man to be foreman of a crew of

v.29—20

carpenters engaged in such work as they were engaged in?" and, "Was he competent to superintend the erection of such a building as that, and have the management, charge and control of the men employed in the erection?" which were objected to by defendant "for the reason that the witness is not shown to be an expert, and that it should be confined to the particular work engaged in." The court overruled the objections, and defendant excepted. Plaintiff had a verdict, and defendant appeals from an order refusing a new trial.

*R. B. Galusha* and *Benton & Roberts*, for appellant.

*Wilson & Lawrence*, for respondent.

GILFILLAN, C. J. There is no reason to disturb the verdict in this case. The question to the witness Richard Trafton—"Should a foreman of a crew of carpenters, engaged in such work as this, be a practical carpenter?"—was, if the matter was one that would require proof at all, a proper question to ask of an expert in the business of a carpenter. The questions to Charles Trafton were as specific as they well could be, and he had shown himself an expert. If objectionable at all, they were not obnoxious to the objections made to them. There was sufficient evidence to go to the jury upon the facts that John H. Palmer was employed by defendant as foreman of the gang of men in which plaintiff was employed, and to work with and as one of them when he had nothing else to do; that he was unfit by reason of want of skill and knowledge of the business for such employment, and was so known to be by defendant through its employing agent; that the injury to plaintiff was caused by Palmer's want of skill and knowledge of the business in which he was so employed. Whether plaintiff had such knowledge of Palmer's unfitness that he could be said to assume the risks incident to it by his continuing to work under him, was, on the evidence presented, a question for the jury.

Order affirmed.